IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

American Multi-Cinema, Inc.,

      Plaintiff,

   and

Monroe Guaranty Insurance
Company,

      Intervening Plaintiff,

    v.                          Case No. 2:04-cv-473

Omni Fireproofing Co., Inc.,
et al.,

      Defendants.

<u>ORDER</u>

    This matter is before the court for a ruling on the motion (Doc. # 53) filed by defendant JPT Constructors, Ltd. ("JPT") to dismiss the claim for declaratory judgment asserted by intervener plaintiff Monroe Guaranty Insurance Company ("Monroe"). JPT argues that this court should exercise its discretion by declining to entertain Monroe's claim for declaratory relief in light of two previously filed state court actions currently pending in Missouri and California which relate directly or indirectly to Monroe's claim. In the alternative, JPT asks this court to stay further proceedings on this claim pending the resolution of the state court actions.

    Monroe opposes the motion to dismiss and the request for a stay. Monroe has filed a motion (Doc. # 63) for leave to file a supplement to its response to JPT's motion. The motion for leave to supplement the record is granted.

    The instant case was originally filed on June 3, 2004, by

plaintiff American Multi-Cinema, Inc. ("AMC"), a Missouri corporation, against defendant Omni Fireproofing Co., Inc. ("Omni"), an Ohio corporation. AMC asserted claims for breach of contract, indemnification, breach of warranty, and negligence stemming from the alleged defective fireproofing work performed by Omni in the construction of AMC's Lennox Town Center 24-Plex theater complex located in Columbus, Ohio.

On September 29, 2004, Monroe, an insurance company incorporated in Indiana, filed a complaint as an intervening plaintiff. Monroe asserted a claim for declaratory relief against Omni. In this claim, Monroe sought a declaration that under the terms of an insurance policy previously issued by Monroe to Omni, Monroe was not obligated to indemnify Omni for the claims asserted against Omni by AMC or to defend Omni in this action.

On January 28, 2005, Monroe filed an amended complaint adding defendant JPT and Amerisure Insurance Company ("Amerisure") as additional defendants in its intervener complaint. JPT, formerly known as MBK Construction, Ltd. ("MBK"), is a California limited partnership which acted as the general contractor in the construction of the AMC Lennox theaters, and which retained Omni as a subcontractor on the project. Amerisure is a Michigan insurance company. In the amended complaint, Monroe sought a declaration that under the terms of its policies previously issued to Omni and/or JPT, it had no duty to indemnify or defend JPT in an action filed against JPT by AMC in a Missouri state court. Monroe also sought a declaration that Amerisure was liable to indemnify Omni and/or JPT for any damages obtained by AMC on its claims involving the Lennox theater construction project. By a settlement agreement

2

dated August 4, 2005, AMC, Omni, Monroe and Amerisure resolved all of the claims pending between them in this case. Thus, the declaratory judgment claims asserted by Monroe against JPT are the only claims remaining in this action.

The Missouri action referred to above was filed by AMC in the Circuit Court of Platte County, Missouri, on December 1, 2000, under the caption American Multi-Cinema, Inc. v. Midwest Drywall Co., No. 00-CV-84908. The defendants named in the original complaint were Midwest Drywall and Haskell Constructors, Ltd., which, like JPT, was formerly known as MBK Constructors, Ltd. The original complaint contained claims concerning the alleged defective application of spray-on fireproofing by Midwest Drywall in the construction of an AMC theater complex located in Kansas City, Missouri. AMC subsequently amended its complaint numerous times to add additional claims, including claims against Omni and JPT. Omni was dismissed from the Missouri case on August 22, 2003, due to lack of personal jurisdiction. However, JPT remains a defendant in the Missouri action and is named in claims stemming from the construction of AMC theaters in numerous states, including the Lennox theaters in Columbus, Ohio.

Monroe has never been a party in the Missouri case. However, Monroe was contacted about defending JPT in that action. On December 23, 2002, Monroe notified counsel for JPT of Monroe's position that it had no duty to indemnify or defend JPT in the Missouri action. On January 6, 2003, Monroe filed a complaint for declaratory judgment in the Court of Common Pleas of Butler County, Ohio, against Omni, JPT, AMC and Amerisure, seeking a declaration regarding Monroe's duties in regard to the Missouri case. On

3

November 24, 2003, Omni filed a motion for summary judgment, or in the alternative, to stay the Butler County action, arguing that in light of Omni's dismissal from the Missouri action, there was no real controversy pending between Omni and AMC. JPT supported the motion for a stay, noting that the parties might later be subject to a lawsuit in Ohio. On December 24, 2003, Monroe voluntarily dismissed the Butler County action without prejudice. On June 3, 2004, AMC filed the instant action against Omni, but did not name JPT as a defendant in this court.

The California action referred to above was filed in August of 2004 in the Orange County Superior Court under the caption <u>National Union Fire Insurance Company of Pittsburgh, PA, et al. v. American Alliance, et al.</u>, No. 04CC00640. This is a declaratory judgment action brought by four insurance companies against approximately thirty-seven named insurance companies and one to three hundred unnamed insurance companies. The plaintiffs issued insurance policies to MBK (now known as JPT), and have contributed to the defense and indemnification of JPT in the Missouri action brought by AMC. In the California action, plaintiffs seek a declaratory judgment regarding the duty of the various defendant insurance companies to defend and indemnify JPT in the Missouri action, as well as a declaration that plaintiffs are entitled to equitable contribution from those defendants who are found to have such a duty. Monroe is named as a defendant in the California action. Monroe contends that the California court lacks personal jurisdiction over it; however, Monroe has not yet been dismissed as a party from the California case.

JPT is not a party to the California case. However, JPT

4

maintains that the plaintiffs in the California action are insurers of JPT that are actually defending JPT in the Missouri action.  JPT argues that the plaintiff insurance companies in the California action are subrogated to the rights of JPT as their insured, and that they are therefore the real parties in interest who are entitled to assert the rights of JPT against additional insurance carriers as to any defense or indemnity payments which have been made to JPT.

Finally, the record indicates that on or about January 20, 2006, JPT filed a complaint against Omni in the Common Pleas Court of Butler County, Ohio.  In this complaint, JPT has asserted claims for express contractual indemnity, alleging a breach of a specific contract of indemnification between Omni and JPT, breach of a contractual agreement by Omni to provide JPT with insurance, a claim for contribution for any damages JPT is ordered to pay in the Missouri action, and a claim for a declaratory judgment stating that Omni is obligated to defend and indemnify JPT against the claims in the Missouri action.  No claims against Monroe have been asserted by JPT in that action.

The Declaratory Judgment Act, 28 U.S.C. §2201(a), confers discretion on the courts rather than an absolute right upon the litigant.  Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995).  A district court has the discretion to determine whether and when to entertain a declaratory action, even when the suit otherwise satisfies subject matter jurisdictional prerequisites.  Id. at 282.

Factors to be considered in assessing whether to entertain a request for declaratory judgment include:

(1)  whether the judgment would settle the controversy;

(2)  whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;

(3)  whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";

(4)  whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5)  whether there is an alternative remedy that is better or more effective.

Scottsdale Ins. Co. v. Roumph, 211 F.3d 964, 968 (6th Cir. 2000). Additional factors to consider in addressing the federalism concerns encompassed in the fourth factor stated above include:

(1)  whether the underlying factual issues are important to an informed resolution of the case;

(2)  whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(3)  whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Id.

The Supreme Court has also noted that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942). Thus, the district court should also consider the scope of any pending state court proceeding and

the nature of the defenses open there.  <u>Id</u>.

Monroe seeks a declaratory judgment regarding its duty to indemnify and defend JPT in the Missouri action.  This same legal issue is present in the California action.  In regard to the first declaratory judgment factor, the declaratory judgment sought by Monroe in this court would not settle the entire controversy.  The insurance company plaintiffs in the California case are not parties in this action.  If this court issued a declaration in favor of Monroe and the California court refused to regard that judgment as having a preclusive effect as to the absent California plaintiffs, then Monroe would be no further ahead.  If this court were to agree with JPT and issue a ruling against Monroe, the merits of the contribution claims of those plaintiffs are beyond the scope of this action.  In contrast, the California court would be able to award complete relief to Monroe or the California plaintiffs regardless of which party prevails.

The second factor is whether a declaratory judgment would serve a useful purpose in clarifying the legal relationships at issue.  The Sixth Circuit has noted that "declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court." <u>Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.</u>, 791 F.2d 460, 463 (6th Cir. 1986).

In <u>Allstate Insurance Co. v. Mercier</u>, 913 F.2d 273 (6th Cir. 1990), the plaintiff insurance company sought a declaration that it had no duty to indemnify or defend its insureds, who had been sued for tort damages in a Michigan state court.  The court stated that there is no per se rule against such an action.  <u>Id</u>. at 277.

However, the court concluded that the relevant factors weighed against the exercise of jurisdiction in that case.  The court noted that the facts developed in the tort action could have a direct bearing on the determination of whether the insuring clause of the policy or the exclusions controlled the company's obligations, and that the state court was in a superior position to address the legal issues on which the company sought a declaration of rights. Id. at 278-79.  The court further concluded that the declaratory judgment would not serve a useful purpose in clarifying or settling the legal relations between the company and its insureds because the factual determinations on which the policy exclusions rested had not been made.  Id. at 279.

Here, facts concerning the nature and circumstances of the work performed by Omni and JPT are no longer the main focus of any litigation in this court, since the claims of AMC against Omni have been settled.  However, those facts will be thoroughly developed in the tort action by AMC against JPT in Missouri.  Such facts may have a role in determining whether the work performed falls within the indemnification and liability provisions of Monroe's insurance contract.  This court is being asked to construe and apply the language of the policy without the benefit of these factual determinations, and without the benefit of the participation of AMC, a party to the Missouri case.  "It does not serve a useful purpose in clarifying and settling the legal relations between the insurer and the insureds, because the policy [language] can be applied only in the light of factual determinations that have not been made."  Mercier, 913 F.2d at 279.

In addition, the "useful purpose" served by the declaratory

8

judgment action is the clarification of legal duties for the future, rather than the past harm a plaintiff's coercive action is aimed at redressing. <u>Amsouth Bank v. Dale</u>, 386 F.3d 763, 786 (6th Cir. 2004). Monroe made the decision over three years ago not to defend or indemnify JPT in the Missouri action. Other insurance companies have incurred the cost of JPT's defense and indemnification during that period. Monroe's failure to defend and indemnify is the subject of the California action. Monroe cannot use a declaratory judgment action to bring to the federal courts an affirmative defense which can be asserted in the California action. <u>Id</u>. at 787 (citing <u>Int'l Ass'n of Entrepreneurs v. Angoff</u>, 58 F.3d 1266, 1270 (8th Cir. 1995)). The existence of the coercive action in California "is important to the determination that a declaratory action would serve no useful purpose." <u>Id</u>. at 791.

The third factor is whether the declaratory judgment action is being used merely for "procedural fencing." Prior to the commencement of the California case, Monroe filed a declaratory judgment action against Omni, JPT and AMC in a state court in Butler County, Ohio, but dismissed that action, in part at the urging of Omni and JPT, since no claims were pending against Omni at that time. While this lost opportunity for Monroe to beat the California plaintiffs to the courthouse might be portrayed by Monroe as procedural fencing on the part of JPT, it was more the result of AMC's failure to obtain personal jurisdiction over Omni in the Missouri action and the fact that AMC had not yet filed the instant case against Omni, which were circumstances beyond JPT's control. Likewise, JPT's recent action against Omni, which was filed in the Common Pleas Court of Butler County, Ohio, due to the

Missouri court's lack of personal jurisdiction over Omni, involves no claims against Monroe, and does not support the argument that Monroe's declaratory judgment claims in the instant case should proceed.

Monroe never sought to intervene in the previously filed Missouri action where AMC asserted claims against JPT, although that would have been a logical forum to litigate the issue of whether Monroe had a duty to defend and indemnify JPT in that action. After the California action seeking a declaration concerning Monroe's duties was filed, Monroe intervened in the instant action filed by AMC against Omni, even though JPT was not named as a defendant by AMC. It is understandable why Monroe would prefer to litigate the issue of its obligations in this court, with Monroe and JPT as the sole remaining parties, rather than participate in the actions in California and Missouri, which are much larger in scope. However, Monroe's assertion of its claims here has had the effect of depriving the California plaintiffs of their choice of forum. If the California plaintiffs wish to assert their claims here to protect their rights, they will have to intervene in a forum where personal jurisdiction might not otherwise exist. Further, if all of the insurance company defendants in the California case filed declaratory judgment actions in the forums of their choice, the California plaintiffs would be forced to prosecute their claims in multiple proceedings in many jurisdictions instead of in a single proceeding. The declaratory judgment remedy should not be employed to promote such piecemeal litigation.

The fourth factor concerns whether the exercise of federal

10

jurisdiction would increase friction between federal and state courts and improperly encroach on state jurisdiction. Both of the state court actions in Missouri and California were pending when Monroe sought to intervene in this action. As previously noted, the factual issues involved in the Missouri action may be important to the issues of contract interpretation presented in this case. The court in Missouri where the action against JPT is pending is in a better position to determine those issues. The California court would also be in a better position to evaluate the factual issues, since the California plaintiffs, which are defending JPT in the Missouri action, would be more familiar with and better able to present those facts than Monroe or possibly even JPT.

There is also a close nexus between the underlying factual and legal issues and state law and public policy. The insurance contracts at issue would be interpreted under state contract and insurance law, not federal law. States have an important interest in regulating insurance. As the Sixth Circuit has noted, "states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." Mercier, 913 F.2d at 279.

Monroe argues that Ohio law should govern the interpretation of its policies. However, since Monroe is an Indiana company and JPT is a California limited partnership, it is not clear that Ohio law governs. The California court might conclude that California law should be applied, creating the risk of conflicting interpretations of the contract provisions. Thus, even if a declaratory judgment here might help clarify the legal relations at

11

issue, "this clarification would come at the cost of 'increas[ing] friction between our federal and state courts and improperly encroach[ing] upon state jurisdiction.'"  Mercier, 913 F.2d at 279 (quoting Grand Trunk W. R.R. Co. v. Consolidated Rail Corp., 746 F.2d 323, 326 (6th Cir. 1984)).

The final factor is whether the declaratory judgment sought here would interfere with an alternative remedy which is better or more effective.  As noted previously, this court may not be in a position to completely settle the controversy as to all interested parties.  The California court is in a position to provide a better or more complete remedy.  The fact that Monroe's action has been filed in Ohio does not render this federal court any more capable of applying and interpreting Ohio's insurance and contract law than the California court.  In fact, if it is ultimately determined that California law governs the insurance contracts at issue, then the California state court would presumably be more familiar with that law.

In summary, the relevant factors currently weigh against the discretionary exercise of jurisdiction over Monroe's declaratory judgment claims.  However, the posture of this case may change if Monroe is dismissed as a party from the California case. Therefore, this court concludes that it is appropriate to stay further proceedings on Monroe's claims, rather than dismissing Monroe's complaint, pending further developments in the proceedings in the Missouri and California state courts.  See Employers Insurance of Wausau v. Unisys Corp., No. 95-1119, 103 F.3d 129 (table), 1996 WL 692097 (6th Cir. Nov. 26, 1996)(upholding district court's decision to stay action seeking declaration on

12

issues of defense and indemnification due to pendency of state court action).

JPT's motion to dismiss is denied.  JPT's motion to stay is granted.  The parties are ordered to file biannual reports with the court concerning the status of the actions in Missouri and California.


Date: March 14, 2006            _____s\James L. Graham_____
                                James L. Graham
                                United States District Judge

13